**UNITED STATES of America,**

v.

**Maria HSIA, Defendant.**

**No. 98–0057 (PLF).**

United States District Court, District of Columbia.

Feb. 4, 2000.

Eric L. Yaffe, John M. McEnany, U.S. Dept. of Justice, Washington, DC, for U.S.

Nancy Luque, Rangeley Wallace, Reed, Smith, Shaw & McClay, Washington, DC, for defendant.

## ORDER

PAUL L. FRIEDMAN, District Judge.

The Court has before it defendant's motion for an order to show cause why the government should not be held in contempt for violating Rule 6(e) of the Federal Rules of Criminal Procedure and the government's response. Defendant argues that the government attorneys should be held in contempt for intentionally violating Rule 6(e) by attaching transcripts of the grand jury testimony of Yi Chu and Man Ho to a recently filed government motion. Defendant suggests that the intentional revelation of secret grand jury testimony and the prejudicial impact that the disclosure will have on defendant's case is sufficient reason for the Court to sanction the government and take whatever further steps are necessary to remedy the prejudice. The government argues that it did not intend to violate Rule 6(e) and that it does not oppose placing the grand jury transcripts under seal.

Rule 6(e) states that "an attorney for the government . . . shall not disclose matters occurring before the grand jury" and that "[a] knowing violation of Rule 6 may be punished as a contempt of court." Rule 6(e)(2), Fed.R.Crim.P. Because two of the government's witnesses in this case who testified before the grand jury are not available to testify at trial, the government filed a motion seeking admission of the witness' grand jury testimony. When the government first indicated in open court that it intended to file such a motion, the Court noted that it would consider the government's legal arguments for admit-

ting such testimony and also would need to examine the grand jury transcripts. To this end, the government attached transcripts of the relevant portions of the witness' grand jury testimony to its motion. The government asserts that it did not intend to violate Rule 6(e) by attaching the transcripts and that it does not oppose now having them filed under seal.

The Court agrees with defendant that the government should have filed the grand jury transcripts under seal in the first place. The Court does not concur with the defendant's suggestion, however, that the government's failure to file the transcripts under seal constituted an intentional or knowing violation of Rule 6(e) or was evidence of a sinister effort to leak grand jury testimony to the press and infect the jury in this case. Defendant provides no evidence that this is the case and the Court has no reason to believe that the government would engage in such tactics. The government did not knowingly violate Rule 6(e).

Furthermore, defendant has not shown—and indeed cannot show—that her case has been prejudiced by the government's filing. Defendant's speculation that having the transcripts filed on the public record has resulted in secret grand jury testimony ending up in the hands of the press, which in turn has prejudiced her case, is without a basis in fact. Upon receipt of defendant's motion, the Court directed the Clerk's Office to locate the transcripts and place them under seal. Because the government's motion had not yet been processed by the Clerk's Office, the motion and the attached grand jury transcripts *never* appeared on the public record; and, subject to further order of the Court, the transcripts never will appear on the public record. There has been no prejudice to the defendant that requires a remedy.

Upon consideration of the foregoing, it is hereby

ORDERED that the defendant's motion is DENIED; and it is

FURTHER ORDERED that the Clerk of the Court shall file and maintain under seal the transcripts of the grand jury testimony of Man Ho and Yi Chu that were attached to the government's February 2, 2000 motion seeking admission of their testimony.

SO ORDERED.